UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| MARQUETTA BRABSON-WILLIAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CV-292-HAB |
| | ) | |
| LINCOLN FINANCIAL GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The parties agree that Plaintiff should have sued The Lincoln National Life Insurance Company ("LNL") in this employment discrimination case because LNL was her employer. But Plaintiff didn't, and now LNL has moved for summary judgment.

The controlling authority is *Padgett v. Norfolk S. Corp.*, 2022 WL 2073830 (7th Cir. June 9, 2022). There, as here, the plaintiff sued the wrong party—Norfolk Southern Corporation ("NSC")—and ignored repeated and consistent statements to that effect. The plaintiff's actual employer, Norfolk Southern Railway Corporation ("NRSC"), conducted the litigation and moved for summary judgment despite plaintiff never amending his complaint to name NRSC as the party-defendant. This Court found that the plaintiff had failed to sue his employer and granted summary judgment for NRSC. *Id*. at *1-2.

The Seventh Circuit held that this Court erred.

> NSRC, an entity that is not a party to this litigation, entered the docket under NSC's name and moved for summary judgment in its own favor on all claims. Then the district court granted the nonparty's motion, effectively ending litigation in the district court and handing NSC a victory that it did not ask for.
>
> We find this to be improper. Rule 56 provides that a "*party* may move for summary judgment," and "[t]he court shall grant summary judgment if the *movant* shows that there is no genuine dispute as to any material fact and the *movant* is entitled to

>   judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). Here, no party moved for summary judgment, let alone met its burden on such a motion, so it was improper for the district court to grant NSRC's motion for summary judgment.

(*Id*. at *2). Summary judgment was reversed, and the case was remanded with "instructions to clean up the docket—or at the very least, ensure only the named parties litigate—before proceeding with the case." (*Id*.).

So it is here. LNL has, on at least six occasions, informed Plaintiff that it, not Lincoln Financial Group ("LFG"), was her employer. Plaintiff chose to ignore that information and keep litigating against LFG, an entity with no connection to her allegations. LNL then moved for summary judgment, and Plaintiff still failed to correct her error. While this Court believes that Plaintiff did so at her own peril, the Seventh Circuit disagrees. Under *Padgett*, because LNL is not a party, its motion for summary judgment must be denied.

For these reasons, LNL's motion for summary judgment (ECF No. 14) is DENIED. The parties are ORDERED to confer and propose a method to "clean up the docket" on or before September 7, 2022.

SO ORDERED on August 25, 2022.

>    s/ Holly A. Brady
> JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT